KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

WAYNE A. MYERS
JONATHAN D. SLACK
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Email: Wayne.Myers@usdoj.gov
        Jonathan.Slack@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    vs.<br><br>RUMALDO VALDEZ,<br><br>                    Defendant. | Case No. MJ25-564 WRP<br><br>MOTION TO DETAIN DEFENDANT WITHOUT BAIL |

## **MOTION TO DETAIN DEFENDANT WITHOUT BAIL**

The United States hereby moves to detain defendant without bail, pursuant to

18 U.S.C. § 3142.

    1.    <u>Eligibility of Case</u>.  The defendant is eligible for detention because the

case involves (check all that apply):

  ☐ a. Offense committed on release pending felony trial (3142(d)(1)(A)(i))*

  ☐ b. Offense committed on release pending imposition, execution, or appeal of sentence, conviction or completion of sentence (3142(d)(1)(A)(ii))*

  ☐ c. Offense committed while on probation or parole (3142(d)(1)(A)(iii))*

  ☐ d. A citizen of a foreign country or unlawfully admitted person (3142(d)(1)(B))*

  ☐ e. Crime of violence (3142(f)(1)(A))

  ☐ f. Maximum sentence life imprisonment or death (3142(f)(1)(B))

  ☐ g. 10+ year drug offense (3142(f)(1)(C))

  ☐ h. Felony, with two prior convictions in above categories (3142(f)(1)(D))

  ☒ i. Felony not otherwise a crime of violence involving a minor victim (3142(f)(1)(E))

  ☐ j. Felony not otherwise a crime of violence involving the possession or use of a firearm, destructive device, or dangerous weapon (3142(f)(1)(E))

  ☐ k. Felony not otherwise a crime of violence involving a failure to register under 18 U.S.C. § 2250 (3142(f)(1)(E))

  ☒ l. Serious risk defendant will flee (3142(f)(2)(A))

2

☐    m.    Danger to other person or community**

☒    n.    Serious risk obstruction of justice (3142(f)(2)(B))

☐    o.    Serious risk threat, injury, intimidation of prospective witness or juror (3142(f)(2)(B))

\*  requires "l" or "m" additionally

\*\* requires "a", "b", "c", or "d" additionally

2.    <u>Reason for Detention</u>.  The Court should detain defendant (check all that apply):

☒    a.    Because there is no condition or combination of conditions of release which will reasonably assure defendant's appearance as required (3142(e))

☒    b.    Because there is no condition or combination of conditions of release which will reasonably assure the safety of any other person and the community (3142(e))

☐    c.    Pending notification of appropriate court or official (not more than 10 working days (3142(d))

3.    <u>Rebuttable Presumption</u>.  A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community arises under Section 3142(e) because (check all that apply):

☐    a.    Probable cause to believe defendant committed 10+ year drug offense

☐    b.    Probable cause to believe defendant committed an offense under 18 U.S.C. § 924(c)

☐    c.    Probable cause to believe defendant committed an offense under 18 U.S.C. § 956(a) or 2332b

☐    d.    Probable cause to believe defendant committed 10+ year offense listed in 18 U.S.C. § 2332b(g)(5)(B)

☒    e.    Probable cause to believe defendant committed an offense involving a minor victim listed in 18 U.S.C. § 3142(e)

☐    f.    Previous conviction for eligible offense committed while on pretrial release

4.    <u>Time for Detention Hearing</u>.  The United States requests that the court conduct the detention hearing:

☐    a.    At first appearance

☒    b.    After continuance of 3 days (not more than 3)

///

///

///

///

///

///

///

///

4

5.    <u>Argument</u>.  The United States will provide oral argument in support of its Motion to Detain Defendant Without Bail at the upcoming detention hearing. The United States intends to argue on the basis of, among other things, the Affidavit in Support of the Criminal Complaint in this case, ECF No. 1, and the now-unsealed Affidavit in Support of the Application for a Search Warrant in Case No. MJ25-364 RT, attached as Exhibit 1.

DATED:  May 20, 2025, at Honolulu, Hawaii.

KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

By:  */s/ Jonathan D. Slack*
     WAYNE A. MYERS
     JONATHAN D. SLACK
     Assistant U.S. Attorneys

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served electronically through CM/ECF:

Jacquelyn Tryon Esser                    jacquelyn_esser@fd.org
Attorney for Defendant
RUMALDO VALDEZ

DATED:  May 20, 2025, at Honolulu, Hawaii.

_/s/ Jonathan D. Slack_____
JONATHAN D. SLACK
Assistant U.S. Attorney