ORIGINAL

KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

MICHAEL F. ALBANESE
Chief, Narcotics and Violent Crime

WAYNE A. MYERS
JONATHAN D. SLACK
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Emails: Wayne.Myers@usdoj.gov
        Jonathan.Slack@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 2 4 2025

at _2_ o'clock and _00_ min. _P_ M
Lucy H. Carrillo, Clerk    *cc*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RUMALDO VALDEZ,<br><br>Defendant. | Case No. CR25-112 JAO<br><br>MEMORANDUM OF PLEA<br>AGREEMENT<br><br>DATE: October 24, 2025<br>TIME: 1:30 p.m.<br>JUDGE: Hon. Jill A. Otake |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the United States Attorney for

the District of Hawaii, and the defendant, RUMALDO VALDEZ, and his attorney,

Craig W. Jerome, Esq., have agreed upon the following:

## THE CHARGES

1.      The defendant acknowledges that he has been charged in an

Information with violating Title 18, United States Code, Sections 2252A(a)(5)(A)

and 2252A(b)(2).

2.      The defendant has read the charge against him contained in the

Information, and that charge has been fully explained to him by his attorney.

3.      The defendant fully understands the nature and elements of the crime

with which he has been charged.

## THE AGREEMENT

4.      The defendant agrees to waive indictment and enter a voluntary plea

of guilty to the Information, which charges him with possessing child pornography

involving a prepubescent minor, on land owned by, leased to, or otherwise used by

or under the control of the United States ("United States Government land").   The

defendant is aware that he has the right to have this felony asserted against him by

way of grand jury indictment.   The defendant hereby waives this right and

consents that this offense may be charged against him by way of the Information.

The defendant also agrees to the sentencing stipulations set forth in subparagraphs

10a and 10b of this Memorandum of Plea Agreement ("Agreement").   In return,

2

the United States Attorney's Office for the District of Hawaii ("government")

agrees: (1) to the sentencing stipulations contained in paragraph 10 of this

Agreement; (2) to dismiss, without prejudice, the pending charges in the Criminal

Complaint, MJ25-564 WRP, after sentencing; and (3) not to bring charges against

the defendant for possessing, receiving, distributing, or transporting child

pornography within the District of Hawaii, other than the charge in the Information

for possessing child pornography on the SanDisk portable solid state drive bearing

serial number 2204GH400339.   The defendant understands, however, that the

Court will consider all information concerning his background, character, and

conduct when imposing a sentence, pursuant to Section 1B1.4 of the Sentencing

Guidelines and Title 18, United States Code, Section 3661.   The defendant also

understands that this Agreement binds only the United States Attorney's Office for

the District of Hawaii and thus does not preclude other United States Government

agencies, departments, components, or offices, including any other component of

the United States Department of Justice, from seeking additional charges against

the defendant.

  5. The defendant agrees that this Agreement shall be filed and become

part of the record in this case.

  6. The defendant enters this plea because he is in fact guilty of

possessing, on United States Government land, child pornography involving a

3

prepubescent minor, as charged in the Information, and he agrees that this plea is voluntary and not the result of force or threats.

## PENALTIES

7.      The defendant understands that the penalties for the offense to which he is pleading guilty include:

   a.      A term of imprisonment of up to 20 years and a fine of up to $250,000, plus a term of supervised release of not less than five years and up to life.

   b.      In addition, the Court must impose a $100 special assessment as to each count to which the defendant is pleading guilty.   The defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing.   The defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this Agreement at its option.

   c.      In addition to the mandatory special assessment set forth in paragraph 7b, the Court must also assess an amount of $5,000 under 18 U.S.C. § 3014.   The Court must also assess an additional assessment, of not more than $17,000, pursuant to 18 U.S.C. § 2259A(a)(1).

4

d.    **Forfeiture.**    Pursuant to 18 U.S.C. § 2253, forfeiture of any

(1) visual depictions and books, magazines, periodicals, films, videotapes, and

other matter containing visual depictions, as set forth in 18 U.S.C. § 2253(a)(1);

(2) property, real or personal, constituting or traceable to gross profits or other

proceeds obtained from certain offenses as described in 18 U.S.C. § 2253(a);

and/or (3) property, real or personal, used or intended to be used to commit or to

promote the commission of such offense or any property traceable to such

property.

e.    **Restitution.**    The Court must also award restitution pursuant to

18 U.S.C. § 3663A, to the persons and entities victimized by the defendant's

offenses.    The defendant understands that the Court will determine the amounts of

restitution to be ordered, as well as the persons and entities entitled to such

restitution, with the assistance of the United States Probation Office.

f.    The Court must also award mandatory restitution under Title 18

U.S.C. § 2259 for the full amount of the victims' losses, but not less than $3,000

per victim.

g.    **Mandatory Registration for Sex Offenders.**    The defendant

understands that, as a consequence of his guilty plea, under the Sex Offender

Registration and Notification Act, he must register as a sex offender in the

jurisdiction(s) where he resides, is employed, or is a student.    The defendant

5

further understands that he will be required to keep his registration current, and inform such jurisdiction(s) not later than three business days after any change of his name, residence, employment, or student status.   The defendant understands that a failure to comply with these obligations will subject him to prosecution for failure to register under federal law, specifically, Title 18, United States Code, Section 2250, as well as under any applicable state statutes.

## FACTUAL STIPULATIONS

8.      The defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which the defendant is pleading guilty:

a.      On or about May 31, 2024, within the District of Hawaii, RUMALDO VALDEZ, the defendant, knowingly possessed on United States Government land material containing child pornography, as defined in Title 18, United States Code, Section 2256(8).   His child pornography was uncovered by investigators following their May 31, 2024 search of his residence on the Naval Computer and Telecommunications Area Master Station Pacific, a United States military installation in Wahiawa, Hawaii.   During the search, investigators seized a SanDisk portable solid state drive bearing serial number 2204GH400339 that was connected to a desktop-computer tower on the defendant's desk.   On the SanDisk drive, within a virtually encrypted container, investigators found an image file,

6

"asdfa.png," depicting a female toddler approximately 1 to 2 years old lying on her back while an adult penis penetrates her vagina. Also on the SanDisk drive, within the virtually encrypted container, investigators found a video file, "video0(7).mov," depicting a partially nude boy approximately 5 to 7 years old initially resisting but later acquiescing to a goat suckling his penis; the boy cries when the goat roots into him, and laughter sounds in the background. The defendant knew those sexually explicit files were on his SanDisk drive when he possessed it before the May 31, 2024 search. He knew the female toddler and the partially nude boy were less than 18 years old when that sexually explicit media was created. And he knew he was on land owned by, leased to, or otherwise used by or under the control of the United States when he possessed the SanDisk drive.

       b.    Also during the May 31, 2024 search, investigators seized the (iBUYPOWER brand) desktop-computer tower bearing serial number D882-SA4F-4CA9-EE8B-17, a Maxtor solid state drive within the computer tower bearing serial number 7PY02D2G, a Seagate hard drive within the computer tower bearing serial number ZN1CSHB9, and a Western Digital solid state drive within the computer tower bearing serial number 2039BF801758. Beyond the desktop-computer setup, investigators seized from the defendant's residence a Republic of Gamers laptop bearing serial number N2NRKD000756085, an MSI laptop bearing serial number K2111N0013169, a black 512 GB SanDisk flash drive, a black 32

GB Memorex flash drive, a black Vivitar memory card reader, a black TC-Helicon GoXLR streaming mixer, a black Apple Watch Series 4, a Raspberry Pi microcomputer, and two pieces of paper with handwritten passwords.

   c. On the same day as the residence search, investigators searched the defendant's person and seized an iPhone 14.   Investigators also searched his vehicle and seized a black 32 GB Kingston SD card and adapter.

  9. Pursuant to Section 6B1.2 of the Sentencing Guidelines, the parties agree that the charge to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

## SENTENCING STIPULATIONS

  10. Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

   a. Consistent with the facts outlined in paragraph 8 of this Agreement, the parties agree that the defendant possessed material involving the sexual exploitation of a prepubescent minor, namely "asdfa.png" and "video0(7).mov" on the SanDisk drive, U.S.S.G. § 2G2.2(b)(2).

b.    Consistent with the facts outlined in paragraph 8 of this Agreement, the parties agree that the defendant possessed material portraying sadistic or masochistic conduct or other depictions of violence, namely "video0(7).mov" on the SanDisk drive, and material portraying the sexual abuse or exploitation of a toddler, namely "asdfa.png" on the SanDisk drive, U.S.S.G. § 2G2.2(b)(4).

c.    As of the date of this agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility.   If all of these events occur, and the defendant's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate.   *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

d.    The United States Attorney agrees that the defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to the defendant.   Accordingly, the United States Attorney anticipates moving in the government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b), if the defendant is

9

otherwise eligible.   The defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the United States Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11.    The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.   The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

12.    The parties represent that as of the date of this agreement there are no material facts in dispute.

## APPEAL/COLLATERAL REVIEW

13.    The defendant is aware that he has the right to appeal his conviction and the sentence imposed.   The defendant knowingly and voluntarily waives the right to appeal, except as indicated in subparagraph "b" below, his conviction and any sentence within the Guidelines range as determined by the Court at the time of sentencing, and any lawful restitution or forfeiture order imposed, or the manner in

10

which the sentence, restitution, or forfeiture order was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this Agreement.   The defendant understands that this waiver includes the right to assert any and all legally waivable claims.

        a.     The defendant also waives the right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

        b.     If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of his sentence in a collateral attack.

        c.     The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

## **FINANCIAL DISCLOSURE**

14.    In connection with the collection of restitution or other financial obligations, including forfeiture as set forth below, that may be imposed upon him, the defendant agrees as follows:

a.    The defendant agrees to fully disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including any assets held by a spouse, nominee, or third party.   The defendant understands that the United States Probation Office (USPO) will conduct a presentence investigation that will require the defendant to complete a comprehensive financial statement.   To avoid the requirement of the defendant completing financial statements for both the USPO and the government, the defendant agrees to truthfully complete a financial statement provided to the defendant by the United States Attorney's Office.   The defendant agrees to complete the disclosure statement and provide it to the USPO within the time frame required by the United States Probation officer assigned to the defendant's case.   The defendant understands that the USPO will in turn provide a copy of the completed financial statement to the United States Attorney's Office.   The defendant agrees to provide written updates to both the USPO and the United States Attorney's Office regarding any material changes in circumstances, which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances.   The

12

defendant's failure to timely and accurately complete and sign the financial statement, and any written update thereto, may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

    b.  The defendant expressly authorizes the United States Attorney's Office to obtain his credit report.   The defendant agrees to provide waivers, consents, or releases requested by the United States Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days after the date of sentencing.   The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the USPO.

    c.  Prior to sentencing, the defendant agrees to notify the Financial Litigation Unit of the United States Attorney's Office before making any transfer of an interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

## **FORFEITURE**

  15. As part of his acceptance of responsibility and pursuant to 18 U.S.C. § 2253, the defendant agrees as follows:

a.    The defendant agrees to forfeit to the United States all of his right, title, and interest in the following property (the "Specific Property"):

i.    the iBUYPOWER desktop-computer tower bearing serial number D882-SA4F-4CA9-EE8B-17;

ii.    the Maxtor solid state drive within the computer tower bearing serial number 7PY02D2G;

iii.    the Seagate hard drive within the computer tower bearing serial number ZN1CSHB9;

iv.    the Western Digital solid state drive within the computer tower bearing serial number 2039BF801758; and

v.    the SanDisk portable solid state drive connected to the computer tower bearing serial number 2204GH400339.

b.    The defendant acknowledges that the Specific Property is subject to forfeiture pursuant to 18 U.S.C. § 2253 as (1) visual depictions and books, magazines, periodicals, films, videotapes, and other matter containing visual depictions, as set forth in 18 U.S.C. § 2253(a)(1); (2) property, real or personal, constituting or traceable to gross profits or other proceeds obtained from certain offenses as described in 18 U.S.C. § 2253(a); and/or (3) property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

14

c.    The defendant knowingly and voluntarily waives and agrees to waive any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.   The defendant knowingly and voluntarily waives any right to a jury trial on the forfeiture of property.

d.    The defendant agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of the property.   The defendant waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of forfeiture in the charging instrument, announcement of forfeiture at sentencing, and incorporation of the forfeiture in the judgment.   The defendant acknowledges that he understands that the forfeiture of the property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, during the change of plea hearing.   Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the preliminary order of forfeiture for the Specific Property becoming final as to the defendant when entered.

15

    e.    The defendant agrees to waive all interest in the Specific Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal, and to withdraw any claim that the defendant may have filed in such a proceeding.   The defendant further waives any other notice requirement that may apply to the administrative and/or civil forfeiture of the Specific Property.

    f.    The defendant understands that the forfeiture of the forfeitable property does not constitute and will not be treated as satisfaction, in whole or in part, of any fine, restitution, reimbursement of cost of imprisonment, or any other monetary penalty this Court may impose upon the defendant in addition to the forfeiture.

16.    As to the following items seized from the defendant's residence on May 31, 2024, and now in the lawful custody of the United States—specifically, the Republic of Gamers laptop bearing serial number N2NRKD000756085; the MSI laptop bearing serial number K2111N0013169; the black 512 GB SanDisk flash drive; the black 32 GB Memorex flash drive; the black Vivitar memory card reader; the black TC-Helicon GoXLR streaming mixer; the black Apple Watch Series 4; the Raspberry Pi microcomputer; the two pieces of paper with handwritten password; the iPhone 14; and the black 32 GB Kingston SD card and adapter—the defendant agrees that:

16

a. The defendant waives and abandons all right, title, and interest in those listed items. He waives, releases, and withdraws any claim that he has made with respect to the items, and waives and releases any claim that he might otherwise have made to them in the future.

b. The defendant consents to the destruction of the listed items at the discretion of federal, state, and/or local law enforcement.

c. The defendant waives any right he might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the government might take, in its sole discretion, to carry out the abandonment, disposition, and destruction of the listed items. The defendant's waiver includes, without limitation, all common law, statutory, equitable, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the items, including any claim for attorney's fees and litigation cost.

d. The defendant agrees to hold the United States, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of the listed items.

## **IMPOSITION OF SENTENCE**

17. The defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The defendant

17

agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

18.    The defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary.   The defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charge adequately reflects the seriousness of the actual offense behavior and accepting the Agreement will not undermine the statutory purposes of sentencing.

## **WAIVER OF TRIAL RIGHTS**

19.    The defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.    If the defendant persisted in a plea of not guilty to the charges against him, then he would have the right to a public and speedy trial.   The trial could be either a jury trial or a trial by a judge sitting without a jury.   The defendant has a right to a jury trial.   However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

      b.     If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.   The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.   The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.   The jury would be instructed that the defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

      c.     If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

      d.     At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant.   The defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them.   In turn, the defendant could present witnesses and other evidence on his own behalf.   If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

e.    At a trial, the defendant would have a privilege against

self-incrimination so that he could decline to testify, and no inference of guilt

could be drawn from his refusal to testify.

20.    The defendant understands that by pleading guilty, he is waiving all of

the rights set forth in the preceding paragraph.    The defendant's attorney has

explained those rights to him, and the consequences of the waiver of those rights.

## USE OF PLEA STATEMENTS

21.    If, after signing this Agreement, the defendant decides not to plead

guilty as provided herein, or if the defendant pleads guilty but subsequently makes

a motion before the Court to withdraw his guilty plea and the Court grants that

motion, the defendant agrees that any admission of guilt that he makes by signing

this Agreement or that he makes while pleading guilty as set forth in this

Agreement may be used against him in a subsequent trial if the defendant later

proceeds to trial.    The defendant voluntarily, knowingly, and intelligently waives

any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure

and Rule 410 of the Federal Rules of Evidence regarding the use of statements

made in this Agreement or during the course of pleading guilty when the guilty

plea is later withdrawn.    The *only* exception to this paragraph is where the

defendant fully complies with this Agreement but the Court nonetheless rejects it.

Under those circumstances, the United States may not use those statements of the defendant for any purpose.

22.    The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

23.    The defendant and his attorney acknowledge that, apart from any written proffer agreements, if applicable, no threats, promises, agreements or conditions have been entered into by the parties other than those set forth in this Agreement, to induce the defendant to plead guilty.   Apart from any written proffer agreements, if applicable, this Agreement supersedes all prior promises, agreements or conditions between the parties.

24.    To become effective, this Agreement must be signed by all signatories listed below.

///

///

///

///

///

///

25.    Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.

AGREED:

KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

_For_                          Dated: 10/16/25
MICHAEL F. ALBANESE
Chief, Narcotics and Violent Crime

                               Dated: 10/16/2025
WAYNE A. MYERS
JONATHAN D. SLACK
Assistant U.S. Attorneys

                               Dated: 14 OCT 25
RUMALDO VALDEZ
Defendant

                               Dated: 10/14/2025
CRAIG W. JEROME
Attorney for Defendant