# MINUTES

| | |
|---|---|
| CASE NUMBER: | 1:25-cr-00112-JAO-1 |
| CASE NAME: | United States of America v. Rumaldo Valdez |
| ATTY FOR PLA: | Jonathan D. Slack |
| ATTY FOR DEFT: | Craig W. Jerome |
| U.S. PROBATION: | Darsie Ing-Dodson |

| | | | |
|---|---|---|---|
| JUDGE: | Jill A. Otake | REPORTER: | Beth Krupa |
| DATE: | 3/2/2026 | TIME: | 8:30am-10:00am |

COURT ACTION:  EP:   Sentencing as to Count 1 of the Felony Information as to Defendant Rumaldo Valdez was held.

Defendant Rumaldo Valdez was present, not custody.

Defendant pled guilty to Count 1 of the Felony Information on 10/24/2025 and was adjudged guilty.

The Memorandum of Plea Agreement (Dkt. No. 24) has been accepted by the Court.

Parties have reviewed the Presentence Report, and it is placed in the record under seal.

Court findings made as to the applicable sentencing guidelines. Court adopts the factual findings of the Presentence Report.

Recommendations by Counsel as to proposed sentence heard.

Court notes the aggravating and mitigating factors related to Defendant's sentencing.

Court's proposed sentence stated. No legal objections to the proposed sentence. Court imposes sentence.

ADJUDGED:

Imprisonment: NINETY-SEVEN (97) MONTHS, the Court defers to the Eastern District of New York as to whether this sentence should be concurrent or consecutive to CR 25-00361 PKC

Supervised Release: TEN (10) YEARS

Fine: None imposed.

Restitution: $33,000.00

Special Assessment: $100.00

Court imposes the list of standard conditions recommended by the U.S. Probation and Pretrial Services Office and a copy provided to the parties as part of the initial presentence report in this case. Mr. Jerome waives the reading of the 13 standard conditions of release.

Mandatory and Standard Conditions of Supervised Release -

> You must cooperate in the collection of DNA as directed by the probation officer. (mandatory condition)

> You must comply with the requirements of the Sex Offender Registration and Notification Act (34 USC § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (mandatory condition)

> You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you are released, unless the probation officer instructs you to report to a different probation office or within a different time frame. (standard condition)

Special Conditions of Supervised Released -

1. You must participate in a mental health assessment as coordinated by the probation officer. Based on the results of that assessment, the probation officer may then request that the court order specific mental health treatment.

2. You may change your residence only with the advance approval of the probation officer. You must appear in person at the state registration agency within 3 business days after the change of residence to report such change.

3. You must participate in a sex offense-specific assessment and any recommended treatment program, and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your

        participation in the program (provider, location, modality, duration, and intensity). Your legitimate invocation of the Fifth Amendment privilege against self-incrimination in response to a treatment provider's question shall not be considered a violation of this condition.

4. You must submit to periodic polygraph testing at the direction of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program. A maximum of six polygraph tests per year is allowed, unless otherwise ordered by the Court. Your supervision may not be revoked based solely upon the results of a polygraph test. Your legitimate invocation of the Fifth Amendment privilege against self-incrimination in response to a polygrapher's question shall not be considered a violation of this condition.

5. You must not have direct contact with any child you know or reasonably should know to be under the age of 18 without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18 without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

6. You must not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depicts "sexually explicit conduct" involving children as defined by 18 USC § 2256(2) and/or "actual sexually explicit conduct" involving adults as defined by 18 USC § 2257(h)(1), and not patronize any place where such materials or entertainment are the primary material or entertainment available.

7. You must not go to, or be at, schoolyards, playgrounds, arcades, childcare facilities, or other places primarily used by children under the age of 18.

8. You must not possess and/or use computers [defined as any device that can access sexually explicit conduct (as defined in 18 USC § 2256(2)] or other electronic communications or data storage devices or media that can access materials with depictions of sexually explicit conduct involving children [as defined by 18 USC § 2256(2)] and/or actual sexually explicit conduct involving adults [as defined by 18 USC § 2257(h)(1)], without the prior approval of the probation officer.

9. You must not access the Internet except for reasons approved in advance by the probation officer.

10. You must not use or access any social media applications or accounts, including but not limited to, Discord, Telegram, Signal, YouTube, Instagram, Snapchat, and Omegle, without the prior approval of the probation officer.

11. Restitution is due as follows:

| VICTIM | AMOUNT |
|---|---|
| "Pia" in the "Sweet White Sugar" Series<br>c/o Deborah A. Bianco in Trust for Pia<br>PO Box 6503<br>Bellevue, WA 98008 | $3,000 |
| "Maureen" in the "Lighthouse" Series<br>c/o Deborah A. Bianco in Trust for Maureen<br>PO Box 6503<br>Bellevue, WA 98008 | $3,000 |
| "Jenny" in the "Jenny" Series<br>c/o Marsh Law Firm PLLC in Trust for Jenny<br>Marsh Law Firm PLLC<br>Attn: Jenny<br>PO Box 4668 #65135<br>New York, NY 10163-4668 | $3,000 |
| "Sloane" in the "Tara" Series<br>c/o Carol L. Hepburn in Trust for Sloane<br>PO Box 17718<br>Seattle, WA 98127 | $3,000 |
| "Lily" in the "Vicky" Series<br>c/o Carol L. Hepburn in Trust for Lily<br>PO Box 17718<br>Seattle, WA 98127 | $3,000 |
| "Maria" in the "Best Necklace" Series<br>c/o Carol L. Hepburn in Trust for Maria<br>PO Box 17718<br>Seattle, WA 98127 | $3,000 |
| "Sarah" in the "Marineland1" Series<br>c/o Carol L. Hepburn in Trust for Sarah<br>PO Box 17718<br>Seattle, WA 98127 | $3,000 |
| "April" in the "Aprilblonde" Series<br>c/o Restore the Child, PLLC, in Trust for April<br>2552 N. Proctor Street, Suite 85<br>Tacoma, WA 98406 | $3,000 |
| "Taylor" in the "RedGlassesCry" Series<br>c/o Utah Crime Victims Legal Clinic in Trust for Taylor<br>Utah Crime Victims Legal Clinic<br>404 East 4500 South Ste. B24<br>Salt Lake City, UT 84107 | $3,000 |
| "Eliza" in the "HG1" Series | $3,000 |

| | |
|---|---|
| c/o Jones Day in Trust for Eliza<br>Attn: Amy J. Zigarovich<br>500 Grant Street, Suite 4500<br>Pittsburgh, PA 15219-2514 | |
| "Ali" in the "ZooFamily1" Series<br>c/o Moore & Van Allen, PLLC<br>Moore & Van Allen, PLLC<br>Attn: Sarah Byrne/049549.1<br>100 N. Tryon Street, Suite 4700<br>Charlotte, NC 28202 | $3,000 |
| **Total** | **$33,000** |

Any unpaid balance is to be paid during the period of supervision in monthly installments of 10% of your gross monthly income, commencing 30 days after the start of supervision. The court may order that this requirement be changed from time to time as your circumstances warrant, but no court order shall be required for your voluntary agreement to pay more than the court-ordered amount. Interest is waived. Payments must be made by payroll deduction, when applicable. You must notify the probation officer of any change in your financial circumstances that affect your ability to pay. Your financial circumstances must be reviewed by the probation officer on at least an annual basis.

12. You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the US Attorney's Office.

13. You must apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation, at the discretion and direction of the Court.

14. You must not incur new credit charges, or open additional lines of credit, or apply for any loans without the prior approval of the probation officer. You must not borrow money or take personal loans from any individual without the prior approval of the probation officer.

15. You must submit your person; property; house; residence; vehicle; papers; computer devices, other electronic communications, network or cloud storage, data storage devices or media; or office, to a search conducted by a probation officer. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation of release. You must warn any

    other occupants that the premises may be subject to searches pursuant to this condition.

Defendant is advised of his right to appeal within 14 days of entry of judgment.

Forfeiture: The defendant shall forfeit the forfeitable property listed in the Preliminary Order of Forfeiture, ECF No. 31, which is incorporated hereby by reference.

JUDICIAL RECOMMENDATION: 1) A facility that offers Sex Offender Treatment Program (SOTP); 2) Educational and Vocational Training; and 3) The actual Sex Offender Treatment Program (SOTP)

Defendant Rumaldo Valdez is remanded into the custody of the U.S. Marshals Service.

Mittimus forthwith.


Submitted by: Carla Cortez, Courtroom Manager